UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE: CASE NO. 13-10529 | ) | |
| | ) | |
| ZACHARIA DUANE BOLEN and | ) | |
| BETHANI LeERIN HINDENLANG-BOLEN | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| DUSTIN M. ROACH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:15-cv-00044 |
| | ) | |
| STEVEN E. BARCUS, KARI J. ROMEY, | ) | |
| and DOUGLAS P. ROMEY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Defendants Kari Romey and Douglas Romey asked this Court to withdraw the reference of this case to the bankruptcy court. (Docket Entry 1.) I reviewed the motion and briefing, as well as Bankruptcy Judge Grant's recommendation that the motion for withdrawal of the reference be denied. (DE 2-1.) To enable the parties and the Bankruptcy Court to retain the litigation schedule, on February 13 I issued a short Order denying Defendants' motion to withdraw the reference. (DE 3.) The Order stated that a fuller Order explaining my reasoning would follow. This is that fuller Order.

I will not rehash everything in the bankruptcy judge's Report and recommendation. (DE 2-1 at 19-24.) That filing is thorough and well supported by statute and case law. It is clear that the case was initially properly referred to the

bankruptcy court, and also that I may withdraw that reference for cause. Because the case history indicates to me that the Romeys are attempting to shop among the available forums for one more favorable to their position, I do not find that there is good cause to withdraw the reference of this case to the bankruptcy court.

According to the Bankruptcy Court docket for Adversary Proceeding no. 14-01123-REG, the underlying bankruptcy was that of Zacharia Duane Bolen and Bethani LeErin Hindenlang-Bolen. (DE 2-1 at 25.) The adversary case was removed to federal court on September 25, 2014. (DE 2-1 at 32.) The Romeys' attorney noticed his appearance on October 31 and the same day filed for the Romeys (in conjunction with co-Defendant Steven Barcus) a Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Motion for Mandatory Abstention or Remand. (DE 2-1 at 30.) The plaintiff responded to the motion to dismiss on November 25. The bankruptcy docket notes that the last day for the defendants to reply was December 10. On December 5 the Romeys (without Barcus) filed an Answer and Demand for Jury Trial. Then on December 8 the Romeys and Barcus filed a reply brief in support of their motion to dismiss. The motion to dismiss was denied on December 16. The very next entry on the docket after denial of the motion to dismiss was the Romeys' motion (without co-Defendant Barcus) for withdrawal of the reference of the case from the district court to the bankruptcy court filed on January 14, 2015. (DE 2-1 at 28.) Plaintiff Roach filed a brief opposing withdrawal of the reference on January 27. The Romeys did not file a reply addressing Plaintiff Roach's arguments. The bankruptcy judge filed his Recommendation

Concerning Motion for Withdrawal of Reference on February 6, recommending denial of the Romeys' motion. (DE 2-1 at 27.)

The Romeys base their argument for withdrawal of the reference on their jury demand, which demand the bankruptcy court in this district does not have the power to meet. *See* N.D. Ind. L.R. 200-1(c)(1). The plaintiff argues in response that the withdrawal motion was untimely. One of the problems is that the Romeys opted against filing a reply, which has essentially left the plaintiff's argument unrebutted. So it was on this basis — untimeliness — that Judge Grant has recommended that I deny the motion.

Under 28 U.S.C. § 157(d) the district court may withdraw a case referred to the bankruptcy court "on its own motion or on timely motion of any party, for cause shown." "In deciding whether good cause exists for withdrawal, district courts consider 'whether withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy administration; whether it would reduce forum shopping; whether it would cause delay and costs to the parties; whether a particular court has familiarity with the case; whether parties have demanded a jury trial; and whether a core or non-core proceeding is involved.'" *Natural Chem Holdings, LLC v. United States DOE (In re New Energy. Corp.)*, No. 3:13-cv-00205, 2013 U.S. Dist. LEXIS 40008, at *13 (N.D. Ind. Mar. 22, 2013) (quoting *Abrams v. DLA Piper (US) LLP*, No. 2:12-CV-19, 2012 U.S. Dist. LEXIS 67744, at *3 (N.D. Ind. May 15, 2012)). The threshold question, however, is the timeliness of the withdrawal motion. *Id.* at 14 (quoting *Davis v. Mahlmann (In re*

*Mahlmann)*, 149 B.R. 866, 869 (N.D. Ill. 1993); citing *In re Baldwin-United Corp.*, 57 B.R. 751, 753 (S.D. Ohio 1985)).

Whatever "timely" means, it doesn't mean getting two bites at the dismissal apple — one in each of two different courts, the bankruptcy court and the district court. What appears to have occurred here is that the Romeys filed a dismissal motion in the bankruptcy court, received an adverse ruling on that motion and only then asked this court to withdraw the reference. This strikes me as the very kind of forum shopping that § 157(d) is attempting to prevent.

In addition to the federal statute's general requirement of timeliness for a motion to withdraw, this district's local rules require that a motion to withdraw "be filed at the same time as the demand for a jury trial." Ind. L.R. 200-1(c)(2)(A). The Seventh Circuit questioned the propriety of this rule, albeit without invalidating it. *See In re Consol. Indus. Corp.*, 57 Fed. Appx. 265, 267 (7th Cir. 2003). Were this a case of mere inadvertent omission I wouldn't insist on formalistic, inflexible adherence to the Local Rule. This is despite the fact that this District's Local Rule doesn't seem to be completely out of keeping with the practice in other parts of the country. *See, e.g.*, *In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990) ("In the case at bar, defendants requested only a jury trial; they did not request transfer to the district court. Failure to make such a request was a waiver of the right to a jury trial. We hold that to avoid waiver, parties seeking a jury trial must combine their request for a jury trial with a request for transfer to the district court.").

But here the separation of the Romeys' two acts, (1) requesting a jury trial, and (2) requesting withdrawal of the reference, appears to have been strategic. As I've noted, reducing forum shopping is a valid consideration for the Court in deciding whether to withdraw a reference to the bankruptcy court. Here, the discouragement of forum shopping, compounded with the Romeys' failure to "timely" file for withdrawal or to follow this District's more explicit Local Rules militate against granting the Romeys' motion for withdrawal. This is especially true in a case where the argument of untimeliness has gone completely unrebutted.

THEREFORE, as I previously held in a short Order (DE 3), the Romeys' Motion to Withdraw Reference (DE 1) is **DENIED**.

**SO ORDERED.**

ENTERED: February 18, 2015

/s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**